JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Washington  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  James Q Butler, Butler Legal Group, PLLP, 818 18th St NW, Washington, DC 20006  202-223-6767 | ATTORNEYS (IF KNOWN) |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty |  |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 2000e, employment discrimination based on race

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES   ☒ NO    If yes, please complete related case form.

DATE 8/08/08    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

FILED
AUG - 8 2008
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAIRO MARINO )<br>516 Lincoln Street )<br>Rockville, MD 20850, )<br>)<br>          Plaintiff, )<br>)<br>     v. )<br>)<br>RESTAURANT ASSOCIATES CORP. )<br>12th & Constitution Avenue, N.W. )<br>Washington, DC 20001, )<br>)<br>          Defendant. )<br>_____ ) | COMPLAINT FOR DAMAGES<br>AND ATTORNEY'S FEES<br><br>Civ. No.<br><br>Judge:<br><br>JURY TRIAL DEMANDED<br><br>Case: 1:08-cv-01385<br>Assigned To : Bates, John D.<br>Assign. Date : 8/8/2008<br>Description: Employ. Discrim. |

## COMPLAINT

Jairo Marino, Plaintiff herein, by and through his undersigned counsel, for his complaint, alleges as follows:

### JURISDICTION AND VENUE

1. This action is predicated on 42 U.S.C. § 2000e, and this Honorable Court has subject-matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

2. This Honorable Court can properly exercise its jurisdiction over Defendant because Defendant maintains a business in the District of Columbia.

3. Venue properly lies in this Honorable Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant can be located in the District of Columbia and the controversy involves Defendant's actions in the District of Columbia.

## PARTIES

4. Plaintiff JAIRO MARINO is an adult, Hispanic male and was, at all times relevant to this action, a citizen of the state of Maryland. Plaintiff worked for Defendant as a waiter/bartender at events catered by Defendant.

5. Defendant RESTAURANT ASSOCIATES CORPORATION is a catering company that conducts business in the District of Columbia. Defendant provides catering and food service to events in Washington, DC. The Defendant, when planning a catering event, notifies its employees via e-mail of the date and time of the event. An employee can decide whether or not to work a specific event. Specifically, at relevant times, the Defendant catered events at the Kennedy Center and employed Plaintiff as a waiter/bartender.

## FACTUAL BACKGROUND

6. Defendant hired Plaintiff as a waiter/bartender in August 2005.

7. In January 2006, Plaintiff worked at an event catered by Defendant.

8. Plaintiff's Supervisor at that event was Rubina.

9. Rubina is an African-American female from Kenya.

10. Rubina gave favorable treatment to employees from her native Kenya.

11. Rubina demanded more work from Hispanics than from Blacks from Kenya.

12. Rubina repeatedly gave Plaintiff displeasing looks at the January event.

13. At the January 2006 event, Rubina stated that she was "sick of all the Latino workers that Defendant was hiring."

14. Rubina made this statement in the presence of June, another supervisor.

15. Plaintiff complained to Anna, another supervisor, the following day.

16. Anna filed a report with the Booking Manager, Sean.

17. Plaintiff verbally complained to Sean.

18. Plaintiff declined to file a written complaint due to fear of retaliation.

19. On May 11, 2006, Plaintiff's Supervisor addressed him using the words "fuc*ing as*hole, idiot and stupid" while they were cleaning up after a catered event.

20. Plaintiff contacted Sean, his Booking Manager, to inform him that he would be leaving the event to avoid further escalation.

21. Sean acknowledged that this was an appropriate course of action.

22. On May 12, 2006, Defendant suspended Plaintiff.

23. Defendant did not give Plaintiff a reason or an explanation for the suspension.

24. On May 25, 2006, Plaintiff met with Defendant's Regional Manager, his booking Manager and Rubina to discuss the May 11, 2006 incident.

25. At the meeting Defendant authorized Rubina to return to work.

26. Anwar, the Regional Manager, told Plaintiff that he would inform him when he made his decision regarding Plaintiff's work-status.

27. Anwar never informed Plaintiff that he made a decision.

28. After the May meeting, Defendant stopped notifying Plaintiff of future catering events.

29. Defendant did not offer Plaintiff work at its catered events between May 16, 2006 and September 6, 2006.

## COUNT I: DISPARATE TREATMENT

30. Plaintiff incorporates ¶¶ 1-29 as if fully re-alleged herein.

31. Plaintiff is a Hispanic male. Defendant discriminated against Plaintiff on the basis of his race by subjecting him to disparate treatment because he is Hispanic. Specifically, Defendant changed the conditions and privileges of Plaintiff's employment because Plaintiff was not a Black person from Kenya. Defendant demanded more work from Plaintiff without properly adjusting Plaintiff's compensation. Defendant's discriminatory employment practices materially affected the terms, conditions, and privileges of Plaintiff's employment.

32. Defendant reduced Plaintiff to the status of a second-class employee when Plaintiff's Supervisor stated that it was sick of all the Hispanic employees that Defendant was hiring.

33. Plaintiff's Supervisor, because of her preference toward Blacks from Kenya, took adverse action against Plaintiff by demanding more work from him than was demanded from similarly situated employees. Plaintiff was qualified for his position and met Defendant's legitimate expectations. Plaintiff's Supervisor took adverse action against Plaintiff solely because he is Hispanic.

34. Defendant's disparate treatment of Plaintiff has harmed Plaintiff.

## COUNT II: HOSTILE WORK ENVIRONMENT

35. Plaintiff incorporates ¶¶ 1-29 as if fully re-alleged herein.

36. Plaintiff is a Hispanic male. Defendant subjected Plaintiff to a hostile work environment when it continued to allow Plaintiff's Supervisor to harass him for being a Hispanic male. Defendant knew of the harassment and failed to take action. Plaintiff's Supervisor's called Plaintiff a "fuc*ing as*hole, idiot

- 5 -

and stupid" to intimidate, ridicule and insult Plaintiff. Plaintiff's Supervisor's intimidation tactics affected the terms, conditions, and privileges of Plaintiff's employment.

37. Defendant's action, in allowing Plaintiff's Supervisor to run rampant, created an abusive working environment.

38. The abusive working environment harmed Plaintiff.

## COUNT III: RETALIATION

39. Plaintiff incorporates ¶¶ 1-24 as if fully re-alleged herein.

40. Defendant, following the May 2006 meeting in which Plaintiff complained about the treatment he received, retaliated against Plaintiff by refusing to notify him of future catering events. Defendant did not offer Plaintiff employment at any catering events between May 16, 2006 and September 6, 2006. Plaintiff, at all times relevant, was ready willing and able to work during that time period.

41. Defendant stopped offering Plaintiff employment at catering events immediately following Plaintiff's decision to engage in protected activity.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. Award Plaintiff economic damages for Defendant's discriminatory employment practices.

2. Award Plaintiff punitive damages for Defendant willful and intentional discrimination.

3. Award Plaintiff reasonable attorney's fees incurred in bringing this action.

    4.    Pre- and post-judgment interest.

## JURY DEMANDED

Plaintiff demands a jury trial on all claims for which there is a right to a jury trial.

Dated: 7/8/08

Respectfully submitted,

James Q. Butler, Esq.
D.C. Bar # 490014
Attorney for Plaintiff
818 18th St. N.W.
Suite 1010
Phone: 202-223-6767
Fax: 202-223-3039
Washington, D.C. 20006